PER CURIAM.
Plaintiff-appellant seeks review of a judgment entered against her in a suit to establish $275,000 as a part of her deceased husband’s estate and to assert her dower rights thereto.
*209 Plaintiff’s husband, Albert Legge, owned prior to their marriage, certain unencumbered real property valued at $338,000. Defendant, Lewis Fogle, Albert’s lawyer, organized the defendant corporation, Albert Legge Land Co., Inc., to which on December 4, 1967 Albert, joined by the plaintiff, his wife, conveyed the above property by warranty deed. On November 22, 1968 the defendant corporation executed a $338,000 promissory note, secured by a mortgage, to Albert Legge who immediately assigned the note and mortgage together with all his interest in the corporation to defendant Fogle, as trustee of an intervi-vos trust created by Albert on the same day. Thereafter, the corporation conveyed the property to a bona fide purchaser for $275,000 in exchange for which Lewis Fo-gle, as trustee, released the mortgage on the property assigned to the trust. In early 1969, Albert Legge died. Lewis Fogle qualified as and was appointed executor of his estate. Plaintiff elected to take dower in the probate proceedings. However, Fo-gle listed no part of the $275,000 as an asset of the estate. Plaintiff filed suit seeking to pierce the corporate veil of the corporate defendant, Albert Legge Land Co., Inc., to declare the assets in the hands of the executor and trustee, Lewis Fogle, as assets of the estate and subject to her dower rights. The lower court denied plaintiff the relief sought and found her guilty of laches. This appeal followed.
On appeal appellant wife contends the obtaining of her signature on the deed to the Albert A. Legge Land Co., Inc. was a fraudulent scheme or device to divest her of her dower rights and this coupled with the fact of no consideration having been given for the relinquishment of her dower, the $275,000 should be treated as part of her deceased husband’s estate, and as such subject to her dower rights.
A search of the record does not reflect fraud or misrepresentation to the appellant wife in obtaining her signature on the deed. She testified that no consideration was offered to her at the time of execution of the deed, so certainly this fact would indicate an absence of fraud or misrepresentation.
Further, contrary to appellant’s contention, no pecuniary consideration to a wife is necessary to support relinquishment of dower. McLane v. Piaggio, 24 Fla. 71, 3 So. 823 (1888).
As in the case sub judice, it is well established that a wife may relinquish her dower right in real property by joining in a conveyance or mortgage thereof. 11 Fla.Jur. Dower § 12 (1957) and F.S. § 708.08 F.S.A.
Appellant’s counsel in his brief relies heavily, upon Smith v. Hines, 10 Fla. 258 (1863), wherein the court found a conveyance of certain personal property by a husband to be but a mere device or contrivance to be used at his death to keep his widow from her dower and heW it ineffectual against her. However, in that case the court also flatly held that a husband may sell or give his personal property away, though it is with the avowed purpose of keeping his wife from getting dower; but such sale must be a bona fide one and be perfected as in the case at bar.
Therefore, the judgment herein appealed must be and hereby is affirmed.
Affirmed.